**Petition of BARTENBACH.**

**No. 149843.**

United States District Court
W. D. Pennsylvania.

March 14, 1949.

Maurice A. Roberts, of Philadelphia, Pa., for Immigration and Naturalization Service.

John B. Nicklas, Jr., of Pittsburgh, Pa., for petitioner.

McVICAR, District Judge.

The Government contends that the petition for naturalization in this case should be denied on the ground that the petitioner is ineligible for naturalization by virtue of the provisions of Section 3(c) of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 303(c). Petitioner contends that he is eligible, that the form which he signed was executed under coercion and without a full realization of the import of his act. The Court, after hearing, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Petitioner was born in Zurich, Switzerland, February 28, 1914, and is a National of that country.

2. The petitioner is thirty-five years old and is a married male. He has resided in the United States continuously since his lawful entry for permanent residence on September 3, 1940 except for a short visit to Canada in 1947.

3. At the age of twenty in Switzerland he was called for military service in the Swiss army and was rejected for physical reasons. In 1941, he was rejected for induction in New York City by reason of physical defects and classified 4–F. In September, 1942, he was called by his local draft board in Pittsburgh, Pennsylvania, for physical examination. On October 29, 1942, petitioner executed and filed with his local draft board D.S.S.–301, an application for relief as a neutral alien from liability for training and service in the armed forces of the United States, pursuant to Section 3(a) of the Selective Training and Service Act of 1940, as amended. The said application contained, among other things, the following declaration:

"I understand that the making of this application to be relieved from such liability will debar me from becoming a citizen of the United States."

In accordance with this application he was placed in class 4–C by his local draft board.

4. Petitioner read the said application before signing it. He knew what he was doing although he had an argument with the clerk of the board before placing his signature to said application.

5. The petitioner has never attempted to withdraw said application. He has never applied to the draft board for voluntary induction. He has never served in the armed forces of the United States. He did not take any appeal from the decision of the local draft board in classifying him in class 4–C, nor did he take any other steps to have said decision reviewed so far as shown in the record in this case.

6. On January 20, 1948, the petitioner filed his petition for naturalization in this court.

### Conclusions of Law

1. Under Section 3(a) of the Selective Training and Service Act of 1940, as amended, the petitioner is debarred from becoming a citizen of the United States.

2. The petition for naturalization should be denied.

## Opinion

Petitioner was represented by counsel who conceded that the signing of the application for relief as a neutral alien precluded the petitioner from becoming a citizen of the United States and that his petition for naturalization should be refused if petitioner signed such application without coercion knowing what he was doing. I have found that the petitioner did sign said application without coercion and that he knew what he was doing at the time that he signed the same. It follows that the petition for naturalization in this case should be denied. I call attention to the case of Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, wherein it was held that the local board's classification of minister of religion is final unless it is without basis in fact and that the question whether there was a basis in fact is a question of law for determination by the court. In the present case there was a basis in fact for the board's classification. See In re Martinez, D.C., 73 F.Supp. 101, opinion, Judge Gourly of this court.